IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CR-12-297-R |
| | ) | |
| ISMAEL GARCIA, JR. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ISMAEL GARCIA, JR.'S
MOTION FOR HEARING TO DETERMINE ADMISSIBILITY OF
COCONSPIRATOR'S STATEMENTS AND BRIEF IN SUPPORT**

COMES NOW, Ismael Garcia, Jr. ("Mr. Garcia") by and through his attorney Bill Zuhdi, respectfully moves this Honorable Court to conduct a hearing to determine the admissibility of coconspirator testimony in the above-captioned cause. In support, Defendant Mr. Garcia states as follows:

**BRIEF IN SUPPORT**

Coconspirator out-of-court statements may be admitted as non-hearsay pursuant to Fed. R. Evid. 801(d)(2)(E) if the district court determines, "(1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996); *United States v. Cornelio-Legarda*, No 08-8067 (10th Cir. 6/7/2010)(10th Cir., 2010); *See also United States*

v. *Alatorre-Guevara*, No. 08-8044 (10th Cir. 4/8/2010)(10th Cir., 2010). *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994) (quotation omitted). A district court's findings of fact are reviewed for clear error. *See United States v. Gutierrez*, 48 F.3d 1134, 1137 (10th Cir. 1995).

Before making a final ruling on the admissibility of coconspirator statements, a district court may either hold a *James* hearing outside the presence of the jury or choose to provisionally admit the evidence yet still require the Government to connect the statements to the conspiracy during trial. *Urena*, 27 F.3d at 1490-91.

Regarding the burden of proof, if the government seeks to admit co-conspirator statements against Mr. Garcia, it must establish the facts by a preponderance of the evidence. *Alatorre-Guevara, supra; Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Williamson*, 53 F.3d 1500, 1517-18 (10th Cir. 1995); citing *United States v. James*, 590 F.2d 575, 580 (5th Cir.), *cert denied*, 442 U.S. 917 (1979).

In *Bourjaily*, the Supreme Court left open the question whether a trial court could rely solely on the coconspirator statements the government seeks to admit in order to find a predicate conspiracy. *Bourjaily*, 483 U.S. at 181, 107 S.Ct. at 2781-82. The Tenth Circuit, however, determined that under *Bourjaily*, "there need only be some independent evidence linking the defendant to the conspiracy." *United States v. Martinez,* 825 F.2d 1451, 1453 (10th Cir.1987). Such independent evidence may be sufficient even when it is not "substantial." *United States v. Rascon*, 8 F.3d 1537, 1541 (10th Cir.1993). We have defined "independent evidence" as "evidence other than the proffered [coconspirator] statements themselves." *Martinez*, 825 F.2d at 1451. In *United States*

*v. Owens*, 70 F.3d 1118, 1125 (10th Cir.1995), the Tenth Circuit held the summary testimony of a government agent regarding other out of court detailed factual statements made by a coconspirator to the agent during an investigation was independent evidence. But, "[b]efore admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule." *Bourjaily*, 483 U.S. at 175.

As is set forth in *James,* Mr. Garcia is requesting he be present at a hearing to determine the admissibility of any coconspirator statements the government intends to introduce at trial. See also Rule 801(d)(2)(E) of the Federal Rules of Evidence; *U.S. v. Johnson*, 4 F.3d 904, 914 (10th Cir. 1993); *U.S. v. Powell*, 982 F.2d 1422, 1432 (10th Cir. 1992); *U.S. v. Rascon*, 8 F.3d 1537 (10th Cir. 1993); *U.S. v. Perez,* 989 F.2d 1574, 1580 (10th Cir. 1993).

*United States v. Townley*, 472 F.3d 1267 (10th Cir 2007) reiterated that under Tenth Circuit law, a district court can only admit coconspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a "predicate conspiracy through trial testimony or other evidence." *Id*, citing *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir.1995). The Tenth Circuit has repeatedly mentioned, however, its "...strong preference for *James* proceedings." *United States v. Gonzalez-Montoya*, 161 F.3d 643, 648 (10th Cir.1998); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir.1996); *Owens,* 70 F.3d at 1123.

WHEREFORE, Defendant Mr. Garcia respectfully requests that this Court conduct a pretrial hearing to determine the admissibility of coconspirators' hearsay statements as set forth above or in the alternative, Mr. Garcia requests that before the statements are introduced against Mr. Garcia at trial, without having to object in the presence of the jury, he be given an opportunity to argue against their admissibility at trial.

    Respectfully submitted,

    s/Bill Zuhdi
    Bill Zuhdi, OBA #10013
    Bill Zuhdi, Attorney at Law, P.C.
    P.O. Box 1077
    Oklahoma City, OK  73101
    (405) 232-1400
    (405) 755-9686 (facsimile)
    ATTORNEY FOR DEFENDANT

**Certificate of Service**

I hereby certify that on February 28, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

AUSA leslie.maye@usdoj.gov
AUSA lori.hines@usdoj.gov

    s/Bill Zuhdi
    Bill Zuhdi