IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-12-297-R |
| ) | |
| ISMAEL GARCIA, JR. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ISMAEL GARCIA, JR.'S
REQUEST FOR PRETRIAL DISCLOSURE OF
ANY 404(b) EVIDENCE THE GOVERNMENT WILL BE SEEKING TO
INTRODUCE AND BRIEF IN SUPPORT**

COMES NOW, Defendant Ismael Garcia, Jr. ("Mr. Garcia") by and through his counsel, Bill Zuhdi, and pursuant Rule 404(b) of the Federal Rules of Evidence, respectfully requests the government to provide reasonable notice in advance of trial of any "other crimes" evidence the government intends to introduce during his trial.

**BRIEF IN SUPPORT**

Defendant Garcia hereby makes request for reasonable notice in advance of trial of other crimes evidence the government intends to introduce at trial. Rule 404(b) provides that, "...*upon request by the accused*, the prosecution in a criminal case shall provide reasonable notice in advance of trial...of the general nature of any such evidence it intends to introduce at trial." *Id; United States v. Schene*, 543 F.3d 627, 642 (10th Cir. 2008). In *Jaubert v. State*, 74 S.W 3d 1 (Tex. Crim. App. 2002), the court found a trial counsel's

1

failure to specifically request extraneous evidence constitutes ineffective assistance of counsel. The court also found there was no strategic basis for failing to request notice of extraneous evidence and trial counsel's failure to request the evidence was unreasonable and was not justified by trial strategy. In *Jaubert*, the court discussed statutory provisions alike to Fed. R. of Evid., Rule 404(b)) and stated the similar statute provides a mechanism for a defendant to discover "...what evidence the State is aware of and whether it intends to offer it..." *Id.*

To determine if the admission of Rule 404(b) evidence was proper, on appeal, the Tenth Circuit applies a four-part test which requires that: "(1) the evidence was offered for a proper purpose under Fed.R.Evid. 404(b); (2) the evidence was relevant under Fed.R.Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed.R.Evid. 403; and (4) the district court, upon request, instructed the jury to consider the evidence only for the purpose for which it was admitted." *United States v. Shippley,* 690 F.3d 1192 (10th Cir. 2012); *United States v. Wilson*, 107 F.3d 774, 782 (10th Cir.1997) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). The Tenth Circuit then reviews the district court's application of this test for an abuse of discretion and will not reverse unless its ruling falls outside "the bounds of permissible choice in the circumstances." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir.2006) (quotation omitted).

Upon request of the Defendant, Rule 404(b) requires the government to provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any ... evidence it intends to introduce at trial.

*United States v. Kravchuk*, 335 F.3d 1147, 1155 (10th Cir. 2003); *see also United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir.1999) ("To make [a determination under Rule 404(b)], we must look at two things: (1) did the government intend to introduce this evidence at trial; and (2) if so, did it provide reasonable notice."). *Id*. Other crimes, wrongs, or acts are inadmissible if the probative value of the other crimes evidence is substantially outweighed by the danger of unfair prejudice, confusion, or is cumulative pursuant Fed. R. of Evid, Rule 403.

>Rule 404(b) provides that:
>
>Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In addition to the notice request regarding other crimes evidence as set forth above, Defendant Garcia asks this Court for an Order to prevent the government, pursuant Rules 103 and 104 of the Federal Rules of Evidence, from presenting and/or introducing before the jury any "other crimes" evidence not specifically set forth in the Indictment naming Defendant Garcia until such time that a hearing has been held outside the presence of the jury. The hearing is requested to determine the admissibility of the proffered evidence, and is allowable under F.R.E. Rule 103(c), including any evidence which justifies presentation of evidence that is remote to the crime charged in the Indictment.. *See* Fed. R. of Evid., Rule 404(b).

WHEREFORE, Defendant Garcia respectfully asks this Honorable Court to require the government to provide pretrial notice of other crimes evidence it intends to introduce during Defendant Garcia's trial.  Defendant Garcia further asks this Court for an Order to prevent the government from presenting and/or introducing before the jury any "other crimes" evidence not specifically set forth in the Indictment naming Defendant Garcia until such time that a hearing has been held outside the presence of the jury to determine the admissibility of the evidence and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

s/ Bill Zuhdi
Bill Zuhdi, OBA #10013
Bill Zuhdi Attorney at Law, P.C.
P.O. Box 1077
Oklahoma City, OK 73101
(405)232-1400 (office)
(405)755-9686 (facsimile)
Zlawoffice@aol.com (e-mail)

**Certificate of Service**

      I hereby certify that on February 28, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

AUSA leslie.maye@usdoj.gov
AUSA lori.hines@usdoj.gov

                                          s/Bill Zuhdi
                                          Bill Zuhdi