## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-12-297-R |
| | ) |
| ISMAEL GARCIA, JR. | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT ISMAEL GARCIA, JR.'S
### MOTION TO SUPPRESS INTERCEPTED WIRE COMMUNICATIONS
### PURSUANT COURT ORDERS AND BRIEF IN SUPPORT

COMES NOW, Defendant Ismael Garcia, Jr. ("Mr. Garcia") by and through his attorney, Bill Zuhdi, respectfully moves this Honorable Court to suppress all of the evidence from the interception of wire communications as a result of the Court orders executed on May 4, 2012, June 1, 2012, and June 22, 2012 as well as the court orders executed on June 29, 2012, July 20, 2012, July 23, 2012, and amended order of August 2, 2012, should Mr. Garcia be an aggrieved person on those interceptions, based on violations of 18 U.S.C. § 2510 et seq., and the Fourth Amendment of the United States Constitution.  The following is submitted in support of Mr. Garcia's motion to suppress:

**Facts according to discovery documents/materials provided by
the United States of America ("United States")**

1. The Deputy Assistant Attorney General for the Attorney General of the United States made seven (7) applications, including original applications and amended application

and continued application, seeking authorization to intercept certain wire communications, initiated by Roy L. Williams, Task Force Officer, Drug Enforcement Administration, Casey Cox, Special Agent FBI. regarding seven (7) different dates, May 4, 2012, June 1, 2012, June 22, 2012, June 29, 2012, July 20, 2012, July 23, 2012, and August 2, 2012.

2. The May 4, 2012 court order was in regards to cellular telephone number 405-600-2322. The number had been identified by Affiant as being billed to Alerdo Moreno and utilized by Iran Juan Zamarripa. The order filed June 1, 2012 and the order filed June 29, 2012 had the same target telephone number 405-600-2322 as the original order filed May 4, 2012 order.

3. The order filed June 22, 2012 and the court order filed July 20, 2012 were in regards to telephone numbers 405-996-9015 and 405-212-0018. The number 405-996-9015 had been identified by Affiant as being billed to Carlos Perez and the number 405-212-0018 as being billed to Alfredo Resendi.

4. The July 23, 2012 court order was in regards to telephone number 886-1725. The number had been identified by Affiant as being subscribed to Judy Marquez.

5. The amended order filed August 2, 2012 was in regards to telephone number 405-727-6516 and was according to the Affiant billed to Alfredo Resendiz.

**Standing**

Mr. Garcia submits he has standing to bring this motion to suppress intercepted wire communications ordered June 1, 2012 target telephone number 405-600-2322 used by Iran Juan Zamarripa, and the intercepted wire communications ordered June 22, 2012 target telephone number 405-600-2322 used by Iran Juan Zamarripa, as he is an aggrieved person defined in 18 U.S.C. § 2510(11); *see also* 18 U.S.C.§ 2518(10)(a); Title 3 of the Omnibus Crime Control and Safe Street Act of 1968, 18 U.S.C. §§ 2510, et. seq.

**BRIEF IN SUPPORT**

Mr. Garcia submits the wire communications were unlawfully intercepted. The Affiant Special Agent Casey Cox, Government Exhibit C to the Application, failed to establish that all reasonable means of investigation had been used before seeking the orders for the interception of the wire communications. 18 U.S.C. § 2510-22. Therefore, the orders authorizing interception of the wire communications were invalid and the evidence should be suppressed. Agent Casey in her Affidavit reviewed the criminal history of Iran Juan Zamarripa Carrillo, a named interceptee, as well as other named interceptees, Juan Luis Hernandez Garcia, Manuel Martinez Resendiz, and Irene Sue Gonzalis. Two cooperating witnesses were utilized, both providing information. Mr. Garcia submits that as a negative to the investigation, CW#1 was closed by law enforcement after engaging in unauthorized illegal activity. Another negative Mr. Garcia submits is shown in the Affidavit is that CW#2 will not agree to testify. However, the Affiant stated that CW#2's information was reliable.

Regarding controlled purchases, CW#2 made a controlled buy of methamphetamine from a Mexican male believed to be Resendiz on February 21, 2012.  CW#2 had contacted and spoken with Zamarripa about the purchase.  CW#2 made another controlled purchase from Hernandez on March 1, 2012.  And on March 8, 2012, March 21, 2012, and April 10, 2012 controlled purchases were made of methamphetamine by CW#2 from Zamarripa.  Pen register information was utilized and phone numbers were identified.  Facebook pages of Hernandez and others were reviewed and information regarding claimed occupation was obtained.

Mr. Garcia submits that traditional investigative techniques were working as evidenced by the controlled purchases of methamphetamine, notwithstanding that CW#2 apparently was closed out of the investigation as a result of CW#2's illegal conduct while under the cooperation umbrella.  The purpose of the necessity requirement "is to ensure that the relatively intrusive device of wiretapping is not resorted to in situations were traditional investigative techniques would suffice to expose the crime." *United States v. Killingsworth,* 117 F.3d 1159, 1163 (10th Cir. 1997), *citing United States v. Edwards,* 69 F.3d 419, 429 (10th Cir. 1995).  Though all investigative techniques do not need to be exhausted before a wire interception can be properly authorized, Mr. Garcia asserts it is reasonable based on the statutes set forth above that reasonable means of investigation are required.

Mr. Garcia submits that the government through the agents Affidavit did not demonstrate that the wiretaps were necessary.  Initially, the authorization to intercept wire

communications order dated May 4, 2012 was unnecessary and a violation of 18 U.S.C §2510 et seq. and the Fourth Amendment of the United States Constitution. The affidavit in support shows that investigative techniques had worked. The affidavit recited other successful law enforcement work in achieving the goals set out in the affidavits. *U.S. v. Zapata*, 540 F.3d 1165, 1172 (10th Cir. 2008). While it seems that Agent Casey documented a well crafted Affidavit of the techniques used and their ultimate failure to achieve the goals of law enforcement, in actuality the controlled buys of methamphetamine were highly successful and law enforcement could have arrested Zamarripa, Resendiz and other coconspirators prior to seeking the Title III orders, and likely achieved convictions of them and many of their associates. Mr. Garcia asserts it is well known that once approached and/or arrested by law enforcement, coconspirators are typically forthcoming with information of their and their associates involvement in a drug conspiracy. Mr. Garcia submits that protection of the citizens of the United States and/or individuals in the United States resounds through the necessity requirement. The United States Supreme Court found regarding eavesdropping devices, that "The Fourth Amendment does not make the 'precincts of the home or the office...sanctuaries where the law can never reach,' ..., but it does prescribe a constitutional standard that must be met before official invasion is permissible." *Berger v. New York,* 388 U.S. 41, 63 (1967). Questioning of witnesses or participants is a traditional investigative technique. *United States v. Ramirez-Encarnacion,* 291 F.3d 1219, 1222, fn. 2 (10th Cir. 2002). The United States has not shown why the techniques they were

using reasonably appeared to be unlikely to succeed. *United States v. Verdin-Garcia,* 516 F.3d 884, 889 (10th Cir. 2008).

The complained of constitutional violation is that not all reasonable means were used, and that the means that were recited in the affidavits in support, at least in part, were successful, and were as successful ultimately as the investigation panned out at the time of the filing of the criminal complaint. The purpose of the necessity requirement is to insure that wiretapping, ..., is not used in situations where traditional investigative techniques would be sufficient to expose the criminal activity. *U.S. v. Edwards,* 69 F.d 419, 429 (10th Cir. 1995). Did "...normal investigatory techniques reasonably appear to be unlikely to succeed" or are they "too dangerous to try." *United States v. Castillo-Garcia,* 1179, 1187 (10th Cir. 1997); *overruled on other grounds by Ramirez-Encarnacion, supra.* Considering all the facts and circumstances, the Affidavits failed to show the necessity of the wiretap. *See Castillo-Garcia, supra.* The Affidavits reveal that other investigative techniques were working. *See* 18 U.S.C. sec. 2518(1)(c), (3)(c). Since the wire interceptions were illegally intercepted, all communications and any illegal drugs seized as a result of the illegal wire communications should be suppressed from evidence.

The test of necessity in a common sense fashion shows that the orders for interception of the wire communications were not necessary, and therefore the evidence derived from them should be suppressed.

WHEREFORE, Mr. Garcia respectfully requests that this Court suppress all of the evidence obtained from the interception of wire communications as a result of the Court orders executed on May 4, 2012, June 1, 2012, and June 22, 2012 because the necessity requirement was not met.

Respectfully submitted,

s/ Bill Zuhdi
Bill Zuhdi, OBA #10013
Bill Zuhdi Attorney at Law, P.C.
P.O. Box 1077
Oklahoma City, OK 73101
(405)232-1400 (office)
(405)755-9686 (facsimile)
Zlawoffice@aol.com (e-mail)

### Certificate of Service

I hereby certify that on February 28, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

AUSA Leslie Maye
AUSA Lori Hines

s/Bill Zuhdi
Bill Zuhdi